FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2009 OCT 26 PM 1:05

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE ARBITRATION ACT
OF 1996 AND IN THE MATTER OF AN
ARBITRATION BETWEEN

| | |
|---|---|
| COVINGTON MARINE CORP., <br> EXPLORER INVESTMENT CO., <br> PIONEER INVESTMENT CO., and <br> WASHINGTON MARINE CORP. <br> **Petitioners** | CIVIL ACTION 09-7041 |
| VERSUS | SECTION " " SECT. C MAG. 4 |
| **Respondents** <br> XIAMEN SHIPBUILDING INDUSTRY CO. <br> LTD., and THE PEOPLE'S REPUBLIC OF <br> CHINA | MAGITRATE ( ) |

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioners Covington Marine Corp. ("Covington Marine"), Explorer Investment Co. ("Explorer Investment"), Pioneer Investment Co. ("Pioneer Investment"), and Washington Marine Corp. ("Washington Marine"), by and through their attorneys of record, Chaffe McCall, L.L.P., file this Petition to Confirm Arbitration Award against Xiamen Shipbuilding Industry Co. Ltd. ("Xiamen") and The People's Republic of China (hereinafter sometimes collectively referred to as "Defendants" and/or "Respondents"), and allege upon information and belief as follows:

Fee $350
_ Process
X Dktd
_ CtRmDep
_ Doc. No.

## PARTIES

I.

At all material times hereto, Petitioners, Covington Marine, Pioneer Investment, Explorer Investment, and Washington Marine were, and continue to be, companies organized and operating pursuant to the laws of the Marshall Islands.

II.

At all material times, Respondent, XIAMEN was, and continues to be, a company, agency, or instrumentality controlled and/or owned by The People's Republic of China and is the owner of a shipbuilding yard in China.

## JURISDICTION

III.

This is an action to enforce a foreign arbitral award under Title 9, United States Code, Chapter 2, and under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), against XIAMEN, and The People's Republic of China. Under Title 9, United States Code, Section 203, an action under the Convention is deemed to arise under the laws or treaties of the United States and the district courts of the United States have original jurisdiction. Therefore, this Honorable Court has jurisdiction under Section 203 of Title 9, United States Code, and Title 28, United States Code, Section 1331.

In the alternative, jurisdiction is proper under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*. and Title 28, United States Code, Section 1330.

## VENUE

IV.

Venue is proper in this Court because Defendants' property or assets are currently or will be within this District.

## BACKGROUND

V.

Petitioners each entered into a contract with Respondent Xiamen dated February 23, 2003, in which Xiamen agreed to design, build, launch, equip and complete four 53,800 DWT bulk carrier vessels at a price of USD $17,970,000 per vessel and to deliver and sell the vessels to the Petitioners. In return, the Petitioners agreed to purchase such vessels from the Respondents on the terms and conditions therein set out.

VI.

Article 14 of the contract provided that any dispute or difference arising between the parties regarding the contract could, by mutual agreement, be referred to the Classification Society or to any other expert mutually agreed upon. If the parties could not agree on an expert, the matter would be referred to arbitration in London in accordance with the Arbitration Act of 1966 and the rules then in force of the London Maritime Arbitrators Association.

VII.

In May of 2003, Respondent Xiamen wrongfully repudiated each of the four shipbuilding contracts.

VIII.

Arbitrators were duly appointed by the parties and on March 23, 2004, the tribunal ordered by consent that the four arbitrations which had been commenced by Pioneer Investment

Co., Explorer Investment Co., Covington Marine Corp. and Washington Marine Corp., should be heard concurrently and that the issues of liability and damages should be bifurcated.

IX.

On January 11, 2005 the arbitration panel issued its Final Award on all issues of Jurisdiction and Liability arising in the arbitration. The award stated that the issue of repudiation did not arise and that neither party was liable to the other for any loss sustained as a result of the non-performance of the contract.

X.

On May 26, 2005, Petitioners appealed to the High Court of Justice under Section 69 of the Arbitration Act 1996. By Order dated December 16, 2005 the High Court reversed the arbitration panel's ruling finding in favor of Petitioners and ordering that the arbitration panel modify the award in accordance with the Order. (*See* Judgment of December 16, 2005 attached hereto as Exhibit A)

XI.

On March 29, 2006, Respondents applied to the Court of Appeal for permission to appeal the High Court's decision. Respondents petition to appeal was denied on July 31, 2006.

XII.

On October 26, 2006 the arbitration panel re-issued its final award finding that Respondents were liable to Claimants as follows:

> 1. We Award and Declare that Mr. Jin Juhong was duly authorized to sign and execute the contract on behalf of the Respondents; alternatively that the Respondents subsequently ratified the contract.

2. We Award and Declare and Rule that we have jurisdiction to determine the disputes which have arisen between the Claimants and Respondents.

3. We Award and Declare that the contract is not void for uncertainty but the binding effect of the contract was dependent upon the parties being able and willing to reach agreement on the supplier of the main engine and on their being able and willing to reach agreement on the supplier of the main engine and on their being able and willing to fulfill the other conditions set out in paragraph(b) of Article 21 within the prescribed time.

4. We Award and Declare that the contract was not automatically rescinded under the provisions of paragraph (b) of Article 21 due to the conditions set out in that paragraph not having been met, and accordingly the parties have not been discharged from their obligations duties and/or liabilities under the contract.

5. We Award and Declare that the contract was repudiated by the Respondents who are liable to the Claimants for damages for repudiatory breach of contract.

(*See* Final Award on Jurisdiction and Liability Attached hereto as Exhibit B)

XIII.

On October 26, 2006 the arbitration panel also issued a final arbitration award on costs granting costs in the amount of £190,680 to Petitioners as follows:

1. We award and order that the claimants are to be paid by the respondents their recoverable costs of the arbitration. We further direct that such costs are to include the recoverable costs incurred by the claimants in connection with our award on costs dated May 31, 2005 and in connection with republishing and re-issuing our Award on Jurisdiction and Liability and our Award on Costs.

2. We award and order that the Tribunal's fees and expenses of its Award made on January 11, 2005 shall be borne 100% by the respondents. We further direct that the Tribunal's fees and expenses of its Award on Costs dated May 31, 2005 and the tribunal's fees and expenses incurred in connection with re-publishing and re-issuing its Award on Jurisdiction and Liability and its Award on Costs shall be borne 100% by the Respondents.

> 3. We reserve all questions as to the quantification of the costs referred to in paragraph 1 above.
>
> 4. We asses our own fees and expenses in the four arbitrations in the following sums exclusive of VAT.
>
> | | | |
> |---|---|---|
> | (1) | Award on Jurisdiction and Liability dated 11 January 2005… | £173,180 |
> | (2) | Award on Costs dated May 31, 2006 | £ 8,750 |
> | (3) | Re-publishing and Re-issuing (1) and (2) | £ 8,750 |
>
> 5. The reasons for this our award are contained in the judgment of Mr. Justice Langley dated 16th December 2005.
>
> (*See* Award on Costs for each Petitioner attached hereto as Exhibit C.)

XIV.

In addition to the above Award on Costs, on July 3, 2007 the arbitration panel issued an Award on Assessment of Costs as follows:

> 1. We Find and Determine that the costs of this arbitration are recoverable pursuant to our Award on Costs dated 26 October 2006, amount to the sum of £170.815,58 (pounds sterling one hundred and seventy thousand, eight hundred and fifteen and 58 pence). This sum (being 25% of £683,262.33) is in respect of the costs incurred by the Claimants up to and including 21 May 2005 and takes no account of recoverable costs incurred subsequently, the amount whereof (if any) we reserve the right to determine hereafter.
>
> 2. We Award and Direct that the Respondents do forthwith pay to the Claimants the said sum of £170,815.58 and that if the Respondents fail to pay such sum within 14 days hereof, they shall pay to the Claimants the said sum of £170,815.58 together with interest, compounded at 3 monthly rests, at the current LIBOR rates for sterling amounts plus 2 per cent from the date of this our Award until payment.
>
> 3. We Award and Order that the Claimants are to be paid their costs of the assessment. We reserve all questions as to the quantification of those costs.

4. We Award and Order that the Tribunal's fees and expenses of this our Award on the Assessment of Costs (which we assess in the sum of £5,750, being 25% of £23,000) shall be paid by Respondents and that, if paid in the first instance by the Claimants, the Respondents shall reimburse the said sum to the Claimants together with interest, as specified in paragraph 2, from the date of payment by the Claimants until reimbursement.

5. The Reasons for this our Award (including the amounts referable to each item of recoverable costs) are contained in a separate document served herewith.

(*See* Award on Assessment of Costs for each Petitioner attached hereto as Exhibit D.)

XV.

Pursuant to the terms of the Award on Costs and the Award on the Assessment of Costs, Petitioners respectfully move this Court to enter Judgment against Respondents and in favor of each Petitioner in the amount of £224,235.58 (representing 25% of the £190,680 awarded on the Award on Costs plus the £176,565.58 awarded to each claimant on the Award on Assessment of Costs) plus interest compounded at 3 monthly rests, at the current LIBOR rates for sterling amounts plus 2 per cent from the July 3, 2007 to the date of payment. Petitioners further move the Court to allow them to modify this petition once the arbitration panel has made a ruling on the amount of damages awarded to Petitioners.

## THE FINAL AWARD SHOULD BE CONFIRMED

XVI.

In pertinent part, Title 9, United States Code, Section 207, provides that:

> . . . any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral

of recognition or enforcement of the award specified in the said Convention.

This Original Complaint is being filed within three years of the Final Arbitration Award on jurisdiction and liability dated October 26, 2006. The Final Award falls under the Convention, Article I and 9 U.S.C. § 202. Further, China, the United Kingdom and the United States are signatories to the Convention. The contract, and the arbitration provision contained therein, is an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration or purposes of Article II of the Convention. Consequently, under Article III of the Convention, the United States is obliged to recognize such arbitral award as binding and enforce it.

XVII.

Pursuant to the terms of Article IV of the Convention, Petitioners have supplied a certified copy of the original arbitral award. (*See* Exhibit "A"). All of these items are in English, the official language of the United States, the country in which the award is relied upon. Moreover, Petitioners submit that none of the grounds for refusal to recognize and enforce the award enumerated in Article V of the Convention are present.

XVIII.

Respondents have no defense to this action.

XIX.

As such, Petitioners respectfully request that this Honorable Court issue its order

confirming in all respects the Final Arbitration Award on Jurisdiction and Liability dated October 26, 2006, the Award on Costs dated October 26, 2006, and the Award on Assessment of Costs dated July 3, 2007, and enter judgment in favor of Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co., and Washington Marine Corp., and against Xiamen Shipbuilding Industry Co. Ltd.

### RELIEF REQUESTED

WHEREFORE, pursuant to 9 U.S.C. Section 207, Petitioners Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co., and Washington Marine Corp. respectfully move this Honorable Court as follows:

1. That an Order issue confirming in all respects the Final Arbitration Award on Jurisdiction and Liability dated October 26, 2006, the Award on Costs dated October 26, 2006 and the Award on Assessment of Costs dated July 3, 2007, in favor of Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co. and Washington Marine Corp., against Respondents, Xiamen Shipbuilding Industry Co. Ltd.. and The People's Republic of China;

2. That Petitioners be allowed to present the Court with the arbitration board's assessment of damages as soon as the decision becomes available;

3. That a Judgment be entered thereon in favor of each Petitioner Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co. and Washington Marine Corp., for costs against Respondents, Xiamen Shipbuilding Industry Co. Ltd.. and The People's Republic of China in the amount of £ 224,235.58 plus interest compounded at 3 monthly rests, at the current LIBOR rates for sterling amounts plus 2 per cent from the date of the award until payment;

4. That Petitioners be granted such other and further relief as may be just and proper.

Respectfully submitted,

_____
Daniel A. Tadros, T.A. #21906
Adelaida J. Ferchmin #29859
CHAFFE McCALL, L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telefax (504) 585-7075
**Attorneys for Petitioners, Covington Marine Corp., Explorer Investment Co., Pioneer Investment Corp., Washington Marine Corp.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served upon all parties and their counsel of record herein as listed below through the Hague Convention for Service of Process this 26th day of October, 2009.

THE PEOPLE'S REPUBLIC OF CHINA
The Ministry of Justice
Department of Judicial Assistance and Foreign Affairs
Division of Judicial Assistance
10, Chaoyangmen Nandajie
Chaoyang District
Beijing 100020, People's Republic of China

Xiamen Shipbuilding Industry Co. Ltd.
Paitou, HaiCang InvestZone
XiaMen, China P.C. 361026

_____