UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION ACT OF 1996 AND IN THE MATTER OF AN ARBITRATION BETWEEN | CIVIL ACTION |
| COVINGTON MARINE CORP., ET AL. | NO. 09-7041 |
| VERSUS | |
| XIAMEN SHIPBUILDING INDUSTRY CO. LTD., ET AL. | SECTION: "C"(4) |

**ORDER**

Before the Court is Motion to Vacate Default filed by Xiamen Shipbuilding Industry Co., Ltd. ("Xiamen"). (Rec. Doc. 43). Having considered the record, the memoranda of counsel, and the law, the Court GRANTS the Motion and DISMISSES the People's Republic of China ("PRC") from the lawsuit for the following reasons.

**I. BACKGROUND**

This suit arises out of the Petition to Confirm Arbitration Awards ("Petition") filed by Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co., and Washington Marine Co. (collectively, "Petitioners") under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.

§ 1602, *et seq.* or alternatively under 9 U.S.C. § 203 and 28 U.S.C. § 1331. Petitioners asked this Court to enforce London arbitration awards arising out of a contractual dispute between Petitioners, a group of Marshall Islands shipowners, and Xiamen, a Chinese shipbuilding company. Petitioners also asked that the Court enforce the arbitration awards against PRC. The parties dispute whether PRC was a party to the contract at issue, but the Court finds it unnecessary to decide that issue because it is dismissing PRC from the suit for lack of subject matter jurisdiction.

On April 15, 2010, Petitioners filed Request for Entry of Default under Rule 55(a) of the Federal Rules of Civil Procedure on the ground that Xiamen and PRC had failed to plead or otherwise defend against Petitioners' Petition, and on April 27, 2010, a Certificate of Default was entered by the Clerk of Court. (Rec. Docs. 35, 36). While none of the parties ever disputed that PRC was properly served, Xiamen and Petitioners disagreed over whether Xiamen had been properly served under the FSIA in a previous Motion to Vacate a previous Certificate of Default and in the opposition and reply memoranda related to that Motion. (Rec. Docs. 21, 22, 27) . That Motion was granted, but the Order granting it did not resolve the service of process issues raised by Xiamen. (Rec. Doc. 30). However, Xiamen agreed not to raise the defenses of insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(4). (Rec. Doc. 43 at 2). In exchange, Petitioner consented to Xiamen's instant request to vacate the Certificate of Default with respect to Xiamen. (Rec. Doc. 43 at 2). Accordingly, on July 11, 2011, this Court vacated the Certificate of Default as to Xiamen under Rule 55(c). (Rec. Doc. 52). Thus, the sole question before the Court is whether the Certificate of Default should also be vacated as to PRC.

Rule 55(c) permits a court to set aside a default judgment "for good cause." Fed. R. Civ. P. 55(c). In its Motion, Xiamen argues that there is "good cause" to set aside the Certificate of Default

as to PRC because the Court lacks subject matter jurisdiction over PRC. (Rec. Doc. 43-1). It first argues that PRC is immune from suit under the FSIA. It then argues that Petitioners have not met their burden of showing that PRC and Xiamen are not legally indistinguishable, and thus that subject matter jurisdiction over Xiamen does not extend to PRC. In their Opposition, Petitioners first argue that Xiamen has no standing to argue on behalf of PRC. (Rec. Doc. 51). Second, they argue that PRC is not immune under the FSIA because they have established a *prima facie* case that PRC controls Xiamen to such an extent that the two are not legally separate entities. Relatedly, they argue that, in the event that the Court is not satisfied that they have met their burden of showing that the Court has subject matter jurisdiction over PRC, the Court should allow limited discovery regarding whether PRC is the alter ego of Xiamen.

## II. LAW & ANALYSIS

The Court must dismiss an action over which it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). This rule applies in suits involving foreign states in that the court must independently determine if a foreign state is immune from suit. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493, note 20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the Act."); *see also Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1125 (9th Cir. 2010) ("A court has a duty to assure itself of its own jurisdiction, regardless of whether jurisdiction is contested by the parties. . . . We cannot require a defendant to affirmatively plead

foreign sovereign immunity from suit, since a court must decide immunity even if a defendant does not appear."). Moreover, Petitioners have the burden to prove that PRC is not immune. *Peterson*, 627 F.3d at 1125. Petitioners acknowledged that district courts must independently determine whether a foreign state is immune from suit. (Rec. Doc. 51 at 4). They contend, however, that Xiamen, as a third party, has no standing to argue that PRC is immune. (Rec. Doc. 51 at 4). Yet the Second Circuit recently explained why standing is not a prerequisite for a party to put forth arguments for or against an issue, like subject matter jurisdiction, that a Court may or must consider on its own: "[t]o the extent that a court has the power, or even duty, to consider a question *sua sponte*, it is hardly necessary to speak of "third-party standing." If a court may consider an issue on its own motion, it does not matter what triggers the court's inquiry." *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 292-293 (2d Cir. 2011). Thus, Petitioners' standing argument is without merit.

According to the United States Supreme Court, the FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Foreign states are immune from suit unless they fall under one of the six (6) exceptions in the FSIA. Petitioners do not dispute Xiamen's contention that the only exception that arguably applies to PRC in this case is the sixth. It states:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the states in any case–
> [...]
> (6) in which the action is brought, either to enforce an agreement *made by the foreign state* with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other

>international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, © the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable.

28 U.S.C. § 1605(a)(6) (emphasis added). As stated above, none of the other exceptions, including § 1605(a)(1), where the foreign state has waived its immunity, apply in this case. Furthermore, 28 U.S.C. § 1607 applies only if the foreign state instituted the action in a court of the United States or of a State.

Here, the Petitioners do not allege in their Petition that PRC was a party to the four contracts at issue. Instead, they allege that "Petitioners each entered into a contract with Respondent Xiamen[.]" (Rec. Doc. 1 at ¶ V-VI). Additionally, the arbitration award, attached as Exhibit A to the Petition, confirms that the parties to the agreement were the Petitioners and Xiamen. (Rec. Doc. 1, Ex. A at 1).

Furthermore, there is insufficient evidence that PRC exerts so much control over Xiamen that they are not legally separate entities and that subject matter jurisdiction over Xiamen extends to PRC. Thus, Petitioners have not met their burden of showing they have a right to relief against PRC. The FSIA states:

>No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

28 U.S.C. § 1608(e). The level of control by the purported principal over the purported agent must be very high in order for a court to find an agency relationship and enforce an arbitration award against the principal. *First National City Bank v. Banco para el Comercio Exterior de Cuba*, 462 U.S. 611, 629 (1983) ("[W]here a corporate entity is so extensively controlled by its owner that a

relationship of principal and agent is created, we have held that one may be held liable for the actions of the other."). Petitioners argue that they need only show a *prima facie* case that they are entitled to relief under 28 U.S.C. § 1608(e). (Rec. Doc. 51 at 7-8). Xiamen argues that 28 U.S.C. § 1608(e) adopts the Rule 12(b)(6) standard for making a valid claim. (Rec. Doc. 56 at 10). Petitioners cite to *Lasheen v. The Loomis Co.*, 2011 U.S. Dist. Lexis 22588 (E.D. Ca. March 7, 2011) for their proposition. (Rec. Doc. 51 at 7-8). The parties' propositions are not mutually exclusive: Petitioners are not incorrect in stating that they must show a *prima facie* case that they have a valid claim, and Xiamen is not incorrect in stating that Petitioners must do so according to the Rule 12(b)(6) standard. (Rec. Doc. 56 at 9-11). As a recent Ninth Circuit opinion explained:

> Although § 1608(e) speaks in terms of "evidence satisfactory to the court," that section, of course, is subject to the Federal Rules of Civil Procedure. Under the rules, dismissal is appropriate whenever the complaint does not allege a viable cause of action. See Fed. R. Civ. P. 12(b)(6). We therefore read § 1608(e) as precluding a default judgment where the claimant does not in his pleadings "establish his claim to relief" even if all of the allegations in the complaint are taken as true.

*Moore v. United Kingdom*, 384 F.3d 1079, 1090, note 17 (9th Cir. 2004). Indeed, the case Petitioners cite actually quotes the above portion of *Moore*. *Lasheen*, 2011 U.S. Dist. Lexis 22588, at *12. Accordingly, the Court shall apply the Rule 12(b)(6) standard in determining whether Petitioners have made a valid claim for relief against PRC.

Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint in whole or in part where the plaintiff has failed "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although courts are required to take as true all factual allegations of the complaint, they are not bound to accept labels, conclusions, or formulaic recitation

of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level." *Id.* The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" or "contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not merely conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 178, 281 (5th Cir. 1992).

Petitioners argue that they have shown sufficient evidence that PRC exerts the requisite level of control over Xiamen. They argue that PRC essentially owns Xiamen because Xiamen's three major shareholders are "ultimately controlled by the PRC." (Rec. Doc. 51 at 6). In support of this argument, they cite the opinion of Wang Tianxuan, a partner at a Chinese law firm. (Rec. Doc. 51, Ex. 1). They also direct the Court to printouts of Xiamen's website that are attached to their memorandum in opposition to Xiamen's previous Motion to Vacate. (Rec. Doc. 51 at 6. Rec. Doc. 22, Ex. H). They allege that the website as "rife with references to Xiamen's national purpose" and thus demonstrates the influence of PRC over Xiamen. (Rec. Doc. 51 at 6).

The Court notes, although Xiamen did not assert this argument, that under the Rule 12(b)(6) standard, the Court is limited to the four corners of the complaint, and thus it should ignore Petitioners' printouts and Mr. Tianxuan's Declaration and any post-petition allegations by Petitioners. Fed. R. Civ. P. 12(b)(6). The petition itself merely states that Xiamen is a company "controlled and/or owned by" PRC, but it provides no other allegations demonstrating control.

Conclusory statements are insufficient for stating a claim under Rule 12(b)(6). (Rec. Doc. 1 at ¶ II). None of the petition's attachments contain evidence regarding the issue of PRC's control over Xiamen.

Even considering Petitioners' printouts and Declaration, the Court finds that Petitioners have not met their burden of showing that Xiamen is "so extensively controlled" by PRC that an agency relationship has been formed. *First National City Bank*, 462 U.S. at 629. The website printouts indicate that a representative of the Communist Party of China made an inspection of one of Xiamen's locations, and that one of Xiamen's missions is to "strength [sic] China with shipbuilding." (Rec. Doc. 22, Ex. H at 1-2). In addition, the United States Supreme Court has held that indirect ownership of an entity is insufficient for showing "agency or instrumentality" under the FSIA. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003) ("We hold that only direct ownership of a majority of shares by the foreign state satisfies the statutory requirement."). Thus, the Court is not persuaded that Xiamen is an "agency or instrumentality" of PRC under 28 U.S.C. § 1608(e), and it finds that Petitioners have not satisfied their burden to show they are entitled to relief against PRC.

Finally, Petitioners argue that the Court should permit limited discovery regarding whether Xiamen is an agent or instrumentality of PRC if the Court is not satisfied that this is the case based on the allegations and evidence proffered thus far. But doing so would be contrary to Fifth Circuit law. In *Arriba Ltd. v. Petroleos Mexicanos*, the court stated that discovery to support jurisdictional allegations "should be ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." 962 F.2d 528, 534 (5th Cir. 1992). Here, Petitioners merely allege that Xiamen is "controlled and/or owned" by PRC, and they put forth no allegations of specific facts

8

related to an immunity determination.  (Rec. Doc. 1 at ¶ II).  Therefore, the Court will not permit limited discovery as to whether PRC exerts control over Xiamen sufficient to state a valid claim against PRC in this case.  Consequently, the Court finds that Petitioners have not met their burden of showing that PRC is immune from suit, and thus PRC must be dismissed from this case for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED that Xiamen Shipbuilding Industry Co., Ltd.'s Motion to Vacate Default is GRANTED.  (Rec. Doc. 43).

IT IS FURTHER ORDERED that the People's Republic of China is DISMISSED from this case for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 28th day of February, 2012.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE