UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE ARBITRATION
ACT OF 1996 AND IN THE MATTER OF AN
ARBITRATION BETWEEN                                     CIVIL ACTION

COVINGTON MARINE CORP., ET AL.
                                                        NO. 09-7041
VERSUS

XIAMEN SHIPBUILDING INDUSTRY CO.                        SECTION: "C"(4)
LTD., ET AL.

### ORDER AND REASONS[1]

Before the Court is the Motion to Dismiss Or, In the Alternative, To Refuse to Confirm the Arbitration Awards filed by defendant-respondent, Xiamen Shipbuilding Industry Co., Ltd. ("Xiamen")  (Rec. Doc. 57).  In its motion, Xiamen urges the Court to dismiss this action or, in the alternative, to refuse to confirm the arbitration awards whose confirmation the plaintiffs seek in this action. (Rec. Doc. 57 at 1).   Plaintiffs, Covington Marine Corp., Explorer Investment Co., Pioneer Investment Co., and Washington Marine Corp. (collectively "Plaintiffs") oppose the motion.  (Rec. Doc. 65).

Xiamen, in its Memorandum in Support of the Motion to Dismiss or, in the Alternative, to Refuse to Confirm the Arbitration Awards, argues that this action should be dismissed under

---

[1] Carey Brennan, a third-year student at Tulane University Law School, assisted in preparing this opinion.

Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Xiamen. They further argue that this action should be dismissed in favor of proceedings in the People's Republic of China (the "PRC") under Federal Rule of Civil Procedure 12(b)(3) and the doctrine of *forum non conveniens*. Finally, Xiamen argues that, in the alternative, this Court should refuse to recognize the arbitration awards at issue because they were "made" more than three years before Plaintiffs commenced this action, and therefore, they argue, this action is time-barred under §207 of the Federal Arbitration Act and the Convention on the Recognition & Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), which provides that an action to register an arbitral award must be brought "within three years after an arbitral award falling under the Convention is made." (Rec. Doc. 57-1 at 2)

Having considered the complaint, the memoranda of the parties, the record, and the law, the Court concludes, for the reasons stated below, that the instant case should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction over defendant Xiamen. Because the Court so finds, it declines to address Defendant's other arguments that (1) this action should be dismissed under Rule 12(b)(3) and the doctrine of *forum non conveniens*, or (2) their argument that the action is time-barred under the New York Convention.

## I. BACKGROUND

The history and facts leading to the instant action are largely uncontested by the parties. On February 23, 2003, Plaintiffs each entered into a contract with Defendant Xiamen in which Xiamen agreed to design, build, launch, equip, complete, sell and deliver to Plaintiffs four bulk carrier vessels at a price of $17,970,000 per vessel. (Rec. Doc. 1 at 3). A dispute arose between

the parties and the ships were never built. Accordingly, per Article 14 of each contract, the matter was referred to arbitration in London, and four separate, but virtually identical, arbitration proceedings were commenced. (Rec. Doc. 1 at 3). The London arbitrations tribunal ordered by consent that the four arbitrations should be heard concurrently, and bifurcated the issues of liability and damages. (Rec. Doc. 1 at 3-4). Originally, the arbitration panel issued an award that stated that neither party was liable to the other for any loss sustained as a result of the non-performance of the contract. However, Plaintiffs appealed to the High Court of Justice under Section 69 of the Arbitration Act of 1996, and the High Court reversed the arbitration panel's ruling on both the Liability and Cost awards, finding that Xiamen was, indeed, liable for breach of the construction contracts, and thus responsible for one hundred percent of the costs. (Rec. Doc. 1 at 4). At the High Court's direction, the arbitration panel reissued its Liability Awards and Costs Awards.

Prior to the London High Court's decision to "vary" the Liability and Cost Awards, the Chinese Court had granted Xiamen's request to register the original Liabilty Awards and Plaintiffs' request to register the original Cost Awards. (Rec. Doc. 57-1). In March and April 2007, Plaintiffs filed petitions in China to vacate the original judgments and to recognize the new awards. To the Court's knowledge, the proceedings in China seeking to vacate the original judgments and to recognize the new awards are still unresolved.

Plaintiffs filed a petition with this Court on October 26, 2009 naming Xiamen as well as the People's Republic of China (the "PRC") as defendants, asking that the Court confirm in all respects the Final Arbitration Award on Jurisdiction and Liability dated October 26, 2006, the Award on Costs dated October 26, 2006, and the Award on Assessment of Costs dated July 3,

2007, and requesting that this Court enter judgment in Petitioners' favor in the amount of £ 224,235.58 plus interest from the date of the award. (Rec. Doc. 1 at 8-9). In the Complaint, Plaintiffs' alleged that Venue was proper in this Court "because Defendants' property or assets are currently or will be within this District." (Rec. Doc. 1 at 3). As will be discussed in more detail below, it has since become clear, and Petitioners have made no further attempts to dispute, that Xiamen does not, in fact, own any property or assets within this District.

The Court recently dismissed this action as it relates to the People's Republic of China. (Rec. Doc. 75 at 9). Considering that PRC was not a party to the contracts or arbitration proceedings in dispute, the order addressed the issue of whether the level of control exerted by the PRC over Xiamen rose to the level required for subject matter jurisdiction in this action to extend to the PRC on a theory of agency. Having taken all of Plaintiffs' allegations in the complaint as true, and having considered the evidence presented in support of the purported "agency" relationship between PRC and Xiamen, the Court found that Plaintiffs did not meet "their burden of showing that Xiamen is 'so extensively controlled' by PRC that an agency relationship has been formed." (Rec. Doc. 75 at 8)(quoting First National City Bank, 462 U.S. 611, 629 (1983). Accordingly, the Court dismissed the PRC from the case for lack of subject matter jurisdiction. Xiamen filed the instant motion, seeking to dismiss the action as it pertains to Xiamen. (Rec. Doc. 57)

## II. LAW AND APPLICATION

When claiming that the Court has personal jurisdiction over a non-resident defendant, the Plaintiff bears the burden of establishing a *prima facie* showing of that jurisdiction if, as here, the

district court rules without an evidentiary hearing. Johnston v. Multidata Systems International Corp., 523 F.3d 602, 609 (5th Cir. 2008). Proof by a preponderance of the evidence is not required. Id. On a motion to dismiss for lack of personal jurisdiction, the uncontroverted allegations made by the plaintiff must be taken as true, and conflicts resolved in the plaintiff's favor for purposes of determining whether the requisite *prima facie* case for personal jurisdiction exists. Id.

A "federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." Cycles, Ltd. V. W.J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989). In this case, the Louisiana long-arm statute extends to the limits of federal due process; accordingly "the inquiry is whether jurisdiction comports with federal constitutional guarantees." In Re Chinese Manufactured Drywall Products Liability Litigation, 767 F.Supp.2d 649, 656-57 (E.D. La. 2011) (quoting Jackson v. Tanfogolio Giusseppe, S.R.L., 615 F.3d 579, 584 (5th Cir. 2010); See also Johnston, 523 F.3d at 609. The Federal due process analysis requires a plaintiff to show (1) that the non-resident "purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting Wilson v. Belin, 20 F. 3d 644, 647 (5th Cir. 1994) (quotations and citations omitted)); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Plaintiffs' arguments regarding this Court's jurisdiction over Xiamen are predicated almost entirely on their allegations that "Xiamen was, and continues to be, a company, agency, or instrumentality controlled and/or owned by The People's Republic of China." (Rec. Doc. 1 at

2).  Because Plaintiffs' have not alleged sufficient facts in support of this assertion, they have not carried their burden in establishing a *prima facie* showing that this Court has personal jurisdiction over Xiamen, for the foregoing reasons.

### A. Whether Xiamen is entitled to protections of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

Before addressing the "minimum contacts" analysis in determining the existence or non-existence of personal jurisdiction over defendant Xiamen, the Court first addresses Plaintiffs' argument that Xiamen is not entitled to the protections of the Due Process Clause, and hence that a finding of personal jurisdiction is not necessary. (Rec. Doc. 65 at 9).  Plaintiffs argue (1) that Xiamen is not entitled to due process protection because it is a foreign entity and (2) that Xiamen is not entitled to due process protection because of its alleged relationship with the PRC, a foreign state. (Rec. Doc. 65 at 10-11).  Neither argument is meritorious. First, Plaintiffs have cited no case law in support of a contention that a private foreign entity, like Xiamen, is not entitled to due process protection, and the Court is aware of no case law mandating such a conclusion.   Plaintiffs' rely heavily on the Second Circuit decision in <u>Frontera Resources Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic</u>, 582 F.3d 393, 398, 400 (2nd Cir. 2008), where the court held that foreign states, and *entities controlled by foreign states* are not entitled to the protections of the Due Process clause.  However, Xiamen is clearly not itself a foreign state, and Plaintiffs have not alleged facts sufficient to support a finding that Xiamen is an entity controlled by the PRC.   Because the Court finds that there is insufficient evidence of control of Xiamen by PRC, the holding of <u>Frontera</u> is inapplicable here, and the Court holds that Xiamen is entitled to constitutional due process protection.

Plaintiffs also argue in their Memorandum in Opposition to Motion to Dismiss that confirmation of a foreign arbitration award is a summary proceeding subject to "minimal judicial scrutiny." (Rec. Doc. 65 at 8). They argue that if Xiamen cannot successfully challenge confirmation of the award under any of the seven recognized exceptions set forth in Article V of the New York Convention, that there is no justifiable grounds for dismissing the case as it relates to Xiamen. Id. The Plaintiffs' unstated underlying argument is that the absence of *express* language in the New York convention requiring a showing of personal jurisdiction over a defendant in such an arbitration confirmation proceeding is significant, and that a personal jurisdiction challenge is thus not grounds for dismissal.[2] The Court is not persuaded. Considering precedent from other jurisdictions, as well as from the U.S. District Court for the Eastern District of Louisiana, the Court finds that the lack of language requiring personal jurisdiction over litigants in the New York Convention and its implementing legislation, the Federal Arbitration Act, is not significant, and that due process requires a showing of personal jurisdiction in arbitration confirmation actions like the one at bar. See Italtrade Int'l USA, LLC v. Sri Lanka Cement Corp., No. Civ. A. 00-2458, 2002 WL 59399, at *2 (E.D. La. Jan. 15, 2002) (Porteous, J.) ("[W]hile the [Federal Arbitration] Act provides this Court with the subject-matter jurisdiction to hear such an action, it does not provide the Court with power over all persons throughout the world who have entered into an arbitration agreement covered by the

---

[2] Plaintiffs argue that "lack of personal jurisdiction is not a basis for refusing confirmation of a final arbitration award", however they do not explicitly state any basis for that argument, except that lack of personal jurisdiction is not one of the seven recognized exceptions contained in Article V of the New York Convention. The Court assumes that the unexpressed underlying argument being made by Plaintiffs is that these exceptions are the *only* grounds for which a confirmation of foreign arbitration awards proceeding may be dismissed, and thus the lack of language explicitly requiring a court to have personal jurisdiction over the parties is significant, and indicates that lack of such jurisdiction is not grounds for dismissal.

Convention."); see also Glencore Grain Rotterdam B.V. v. Sivnath Rai Harnariain Company, 284 F. 3d 1114, 11121 (9th Cir. 2002) ("[I]t is not significant in the least that the legislation implementing the Convention lacks language requiring personal jurisdiction over the litigants. The Court holds that neither the Convention nor its implementing legislation removed the district court's obligation to find jurisdiction over the defendant in suits to confirm arbitration awards.") Thus, Plaintiffs can not avoid their burden of putting forth a prima facie showing of personal jurisdiction over Xiamen.

### B.  Whether this Court has Personal Jurisdiction over Xiamen.

Having found that Xiamen is not itself a foreign state, nor an entity controlled by a foreign state, and is thus entitled to Due Process protection, and furthermore that Due Process requires a finding of personal jurisdiction over the parties to a foreign arbitration proceeding brought under the New York Convention, the Court turns to its analysis regarding whether Plaintiffs have met their burden by alleging sufficient facts or evidence to support a finding that Xiamen has the requisite "minimum contacts" with the Court's forum to survive the 12(b)(2) motion to dismiss for lack of personal jurisdiction.  Under the "minimum contacts" analysis of personal jurisdiction, a plaintiff may assert the existence of one, or both, types of contacts giving rise to personal jurisdiction:  those that give rise to *specific* personal jurisdiction and those giving rise to *general* personal jurisdiction. In Re Chinese Manufactured Drywall Products Liability Litigation, 767 F.Supp.2d 649, 657 (E.D. La. 2011).

Specific jurisdiction is established when a nonresident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from, or is related to, those

activities. Id.  Plaintiffs have not attempted to allege this sort of personal jurisdiction, as there is clearly no indication that Xiamen's role in the "injury" or subject matter from which this action arises  (i.e. the contract breach leading to an arbitration award in favor of the Plaintiffs) in any way involved Xiamen purposefully directing their activities at this forum, or even the United States in general.

Having found that there has been no showing of specific personal jurisdiction, the Court next looks to whether plaintiffs have alleged sufficient facts to support a finding of *general* personal jurisdiction.  The Court finds that they have not.  As previously noted, it is the duty of the plaintiff to establish a prima facie showing of personal jurisdiction when, as here, the court rules without an evidentiary hearing. Johnston v. Multidata Systems International Corp., 523 F.3d 602, 609 (5th Cir. 2008).  To meet the "fair warning" requirement of general personal jurisdiction, a defendant's contacts with the forum state must be "substantial and 'continuous and systematic'" but, unlike *specific*  personal jurisdiction, said contacts may be unrelated to the instant cause of action. In Re Chinese Manufactured Drywall, 767 F. Supp. 2d at 657.  "These contacts are to be considered *in toto*, excluding any 'vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts.'" Id. at 658 (quoting Johnston, 523 F.3d at 610).  "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum'" Id. at 657 (quoting Johnston, 523 F.3d at 609).

Plaintiffs in the instant case do not even get out of the gate, so to speak, as they have failed to allege facts or provide evidence which put into question whether these requisite minimum contacts between Xiamen and this forum exist.   The only mention of any contacts

between Xiamen and this jurisdiction contained within the complaint is found under the "Venue" subheading, where Plaintiffs allege that "[v]enue is proper in this Court because Defendants' property or assets are currently or will be within this District." (Rec. Doc. 1 at 3).  This assertion was subsequently challenged by Xiamen in their Motion to Dismiss, stating that "[c]ontrary to the mere allegations in the Petition, Xiamen has no property whatsoever in this District." (Rec. Doc 57-1 at 10-11).  Having since filed both a Reply and Sur-Reply, Plaintiffs have made no attempt to assert any facts in support of their initial contention that Xiamen has property or assets in this District.  Instead, they have focused on their argument that Xiamen is not entitled to the protections of the Due Process clause because of its foreign-entity status, asserting that no finding of personal jurisdiction is necessary, an argument which the Court has found to hold no merit. See Sec. II (B), supra.  Because the lack of minimum contacts between Xiamen and this forum is so clear, the Court declines to discuss the other element which can be a roadlblock to a finding of personal jurisdiction:  whether the exercise of personal jurisdiction would be fair and reasonable in this case. In Re Chinese Manufactured Drywall, 767 F. Supp. 2d at 658.

     Plaintiffs also argue that Xiamen's lack of contacts with the Court's forum are not dispositive, arguing that the contacts of the PRC can be imputed to Xiamen for purposes of personal jurisdiction. (Rec. Doc. 65 at 11, 15) While there is precedent that, in some limited circumstances, general personal jurisdiction of a non-resident company may be based upon imputation of contacts of an affiliated foreign entity, the seminal Fifth Circuit case clearly requires that in order for said contacts to be imputed, it must be shown that "the parent corporation exerts such domination and control over its subsidiary 'that they do not in reality constitute separate and distinct . . . entities.'" Hargrave v. Fibreboard Corp., 710 F.2d 1154,

1159 (5th Cir. 1983). As the Court previously indicated in this order and its previous order dismissing the PRC from this case, the Plaintiffs in the instant case have not alleged facts sufficient even to raise a question of whether the PRC exerts this high requisite level of control over Xiamen. Thus, the "imputation of contacts" theory of personal jurisdiction, too, must fail.

Accordingly, having found a clear lack of general personal jurisdiction as well as specific personal jurisdiction, the Court must dismiss this action as it pertains to Xiamen under Rule 12(b)(2) for lack of personal jurisdiction.

### III. CONCLUSION

As indicated by the foregoing discussion, this court lacks personal jurisdiction over defendant Xiamen. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2), this action is dismissed as it pertains to Xiamen.

Accordingly,

IT IS ORDERED that defendant Xiamen's motion to dismiss or, in the alternative, to refuse to confirm the arbitration awards is hereby GRANTED. (Rec. Doc. 57).

New Orleans, Louisiana, this 14th day of March, 2012.

HELEN G. BERRIGAN
DISTRICT COURT JUDGE